UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
KIRK WILLIAMS,

                Plaintiff,

        v.

WELLS FARGO BANK, N.A., NATIONSTAR
d/b/a MR. COOPER, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.,

                Defendants.
---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-5884 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Kirk Williams commenced the above-captioned action on December 4, 2020 against Wells Fargo Bank, N.A. ("Wells Fargo") and Nationstar, doing business as Mr. Cooper ("Nationstar"). (Compl., Docket Entry No. 1.) Plaintiff filed an Amended Complaint on August 24, 2021 against Wells Fargo, Nationstar, and Mortgage Electronic Registration Systems, Inc. ("MERS"), bringing state law claims to quiet title to a property located at 2935 Ericsson Street, East Elmhurst, New York 11369 (the "Property"), for adverse possession of the Property, for breach of fiduciary duty, and for aiding and abetting breach of fiduciary duty. (Am. Compl. ¶¶ 26, 61–79, Docket Entry No. 21.)

Defendants move to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure respectively, and Plaintiff opposes the motion.[1] For the reasons

---

[1] (Defs.' Second Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 25; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 26-1; Defs.' Reply in Further Supp. of

explained below, the Court grants Defendants' motion and dismisses Plaintiff's claims without prejudice for lack of subject matter jurisdiction.

## I. Background

The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order.

### a. The parties

Plaintiff is the owner of the Property, his primary dwelling, and Defendants claim an interest in the Property. (Am. Compl. ¶¶ 4, 27.) Wells Fargo is the master servicer of the underlying Master Servicer Agreement as to Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR4 (the "Trust"), which operates in the state of New York. (*Id.* ¶¶ 5, 31.) Nationstar is the mortgage servicer, "appointed by the authority of, and assisting" Wells Fargo in "performing all duties as to the Trust." (*Id.* ¶ 6.) As mortgage servicer, Nationstar "collects mortgage payments, commences foreclosure actions, maintains loan level detail, pays property taxes and insurance (where applicable), calls a default for non-payment, takes possession of the foreclosed property, modifies mortgage terms[,] . . . and maintains the physical property in compliance with the local housing codes." (*Id.* ¶ 41.) MERS "is the entity responsible for filing and recording all necessary conveyances." (*Id.* ¶ 7.) Defendants purport to have had an interest in the Property pursuant to an assignment from non-party Homebridge Mortgage Bankers Corp. ("Homebridge"), for more than fifteen years. (*Id.* ¶ 12.)

---

Defs.' Mot. ("Defs.' Reply"), Docket Entry No. 28-2; Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), Docket Entry No. 27.)

### b. The assignment

On or about June 6, 2006, Plaintiff refinanced the mortgage loan for the Property in the amount of $675,000. (*Id.* ¶¶ 26–27.) The lender Homebridge transferred its interest in the mortgage to the Trust between September 1, 2006 and September 29, 2009, pursuant to the Trust's Pooling and Servicing Agreement (the "Agreement").[2] (*Id.* ¶¶ 28, 30.) Multiple classes of the Trust claim ownership of the alleged underlying mortgage obligations, but these claims "have never been recorded." (*Id.* ¶¶ 45–46.) Defendants did not make any recording of the transfer within thirty days of closing or at any other time. (*Id.* ¶ 51.)

Plaintiff contends that he "has been the victim of the Defendants' Robo-Signing mortgage assignment fraud" because none of the Defendants have furnished Plaintiff with the purported assignment despite their claims of having been assigned the underlying mortgage.[3] (*Id.* ¶¶ 8, 10.) He also contends that "to the extent a purported assignment exists, it is a robo-signed fraudulent instrument." (*Id.* ¶ 18.) Further, he contends that Wells Fargo and Nationstar have demanded payment from him and that Defendants have "extorted" him for nearly $600,000 in mortgage payments to Defendants, their successors, and agents, while claiming to have interest in the Homebridge mortgage. (*Id.* ¶¶ 19–20.) Plaintiff has "openly and notoriously disputed the alleged assigned interest in the underlying [Property]" since 2018. (*Id.* ¶ 24.)

---

[2] Homebridge was dissolved in 2016. (Am. Compl. ¶ 29.)

[3] Robo-signing fraud "refers to the fraudulent conveyance of real property, by a purported assignment." (*Id.* ¶ 9.)

## II. Discussion

### a. Standard of review

A district court must dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

### b. The Court lacks subject matter jurisdiction

Defendants argue that because there is no injury in fact, Plaintiff lacks Article III standing to bring claims based on allegedly defective assignments and, as a result, the Court lacks jurisdiction. (Defs.' Mem. 5–8.)

Plaintiff contends that in a mortgage foreclosure case, a plaintiff has standing where it is the holder or assignee of the underlying mortgage note at the time that the action is commenced.[4] (Pl.'s Opp'n 13.)

"'Standing to sue is a doctrine' that 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 183–84 (2d Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). In order to show standing, a plaintiff must establish three things: (1) an "injury in fact — an invasion of a legally protected interest which is . . . concrete and particularized and actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complained of," and (3) redressability of the injury "by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and quotation marks omitted); *see also Harty v. West Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (same); *Pincus v. Nat'l R.R. Passenger Corp.*, 581 F. App'x 88, 89 (2d Cir. 2014) (citing *Lujan*, 504 U.S. at 560–65) (describing the three elements of standing); *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) ("[A] plaintiff must show the three familiar elements of standing: injury in fact, causation, and redressability." (citing *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009))). "An injury in fact must be 'particularized,' and it must be 'concrete.'" *Harty*, 28 F.4th at 442

---

[4] As Plaintiff is aware, the present action is not a foreclosure proceeding. (*See generally* Am. Compl.; Defs.' Reply 2 ("Plaintiff . . . briefs what would apparently be his standing defense had any of Defendants brought foreclosure against him. They have not.").)

5

(quoting *Spokeo, Inc.*, 578 U.S. at 340). "[S]tanding is required for subject matter jurisdiction." *James v. Willis*, No. 21-CV-501, 2022 WL 481812, at *1 (2d Cir. Feb. 17, 2022) (citing *Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016)). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (quoting *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005)); *see Otrompke v. The First Dep't Comm. on Character & Fitness*, No. 20-CV-4107, 2021 WL 5764221, at *1 (2d Cir. Dec. 6, 2021) ("A district court lacks jurisdiction 'when . . . the plaintiff lacks constitutional standing to bring the action.'" (quoting *Cortlandt St. Recovery Corp*, 790 F.3d at 417)).

Plaintiff lacks Article III standing. Plaintiff challenges the assignments of the mortgage as void, argues that that Defendants failed to provide him with the purported assignments of the mortgage, and contends that Defendants have "extorted" him for nearly $600,000 in mortgage payments based on their claimed interest in the Property. (Am. Compl. ¶¶ 10, 19–20; Pl.'s Opp'n 10–12.) These allegations are insufficient to confer standing. Plaintiff's injury from his allegedly void assignment is hypothetical because he does not allege that there have been changes to the underlying debt obligations or terms of his mortgage, that he has received multiple payment demands from different putative lenders, or that any entity other than Defendants — the purported holders of the mortgage — has threatened or initiated foreclosure proceedings against him. *See Levin v. Am. Doc. Servs., LLC*, 828 F. App'x 788, 791–92 (2d Cir. 2020) (finding that mortgagor plaintiffs lacked standing because they "did not suffer an injury-in-fact, as the assignments at issue did not affect their underlying debt obligations or the terms of their mortgage"); *Macias v. Ocwen Loan Servicing, LLC*, 718 F. App'x 32, 36 (2d Cir. 2017) ("Where, as here, a mortgagor . . . does not allege multiple payment demands from

different putative lenders, his injury from an allegedly invalid assignment is 'entirely hypothetical' and therefore insufficient to confer Article III standing." (quoting *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 85–86 (2d Cir. 2014))); *Redmond v. Bank of N.Y. Mellon Corp.*, 697 F. App'x 23, 26–27 (2d Cir. 2017) (noting that "it is insufficient, for constitutional standing purposes, for a plaintiff to allege merely that the wrong party foreclosed on him or her" and holding that plaintiffs lacked standing where "their claims derive[d] from the terms of their agreements or from state law"); *Suarez v. Citibank, Nat'l Ass'n*, 693 F. App'x 43, 45 (2d Cir. 2017) (dismissing plaintiffs' claims for lack of standing where they alleged that defendants incorrectly asserted ownership of the plaintiffs' mortgages); *Obal v. Deutsche Bank Nat'l Tr. Co.*, 670 F. App'x 10, 11 (2d Cir. 2016) ("[Plaintiff] lacked . . . standing to challenge either the validity of the assignment of his mortgage loan or the assignment's compliance with laws, regulations, and the [t]rust's prospectus and pooling and servicing agreement."); *Rajamin*, 757 F.3d at 85–86 (finding that plaintiffs lacked standing where "they have not pleaded or otherwise suggested that they ever paid defendants more than the amounts due, or that they ever received a bill or demand from any entity other than defendants," plaintiffs failed to allege that they were in "imminent danger" of having to make duplicate loan payments, and there was "no allegation of any threat or institution of foreclosure proceedings . . . by any entity other than defendants"); *see also Washington v. Specialized Loan Servicing LLC*, 778 F. App'x 183, 186 (3d Cir. 2019) (holding that plaintiff lacked standing to challenge the assignment of his mortgage where he failed to allege that he paid more than required or was subject to payment from different entities); *Wells Fargo Bank, N.A. v. Erobobo*, 9 N.Y.S.3d 312, 314 (App. Div. 2015) ("[A] mortgagor whose loan is owned by a trust[] does not have standing to challenge the . . . possession or status as assignee of the note and mortgage based on purported noncompliance

with certain provisions of the [pooling and servicing agreement].").[5]

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss on the basis of subject matter jurisdiction. The Clerk of Court is directed to close this case.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 7, 2022
    Brooklyn, New York

---

[5] Defendants also argue that Plaintiff lacks "prudential standing" to challenge the validity of the alleged assignment of the loan and alleged non-compliance with the applicable Agreement, because Plaintiff is neither a party to nor an intended beneficiary of the assignment. (Defs.' Mem. 8–9). Because Plaintiff lacks constitutional standing, the Court declines to consider whether Plaintiff has prudential standing.

8